[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14019
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cv-01454-SDM-TGW


TAMMY Q. GILMORE,

Plaintiff - Appellant,

versus

NATIONAL MAIL HANDLERS UNION LOCAL 318,
NATIONAL POSTAL MAIL HANDLERS UNION,
a Division of the Laborers' International Union of North,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 23, 2013)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Tammy Gilmore, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the National Mail Handlers Union Local 318 (Local Union) and the National Postal Mail Handlers Union (National Union) on her Title VII and 42 U.S.C. § 1981 claims; the district court's dismissal of her breach-of-contract, retaliation, and joint-conspiracy claims; and the court's denial of her motion for sanctions. After careful review, we affirm. [1]

## I.

In 2008, the United States Postal Service (USPS) terminated Gilmore's employment for unsatisfactory attendance. Under the collective bargaining agreement (CBA), Gilmore had 14 days from the date on which she learned or reasonably should have learned of her termination to file a grievance. USPS sent Gilmore a termination letter on September 5, 2008, but because she had moved, Gilmore did not learn of her termination until October 16. On that date, Gilmore contacted the Local Union to find out why she was terminated. In late December, Gilmore sent a letter to the Local Union requesting that they file a grievance on her behalf. The Local Union refused, stating that because her notice of termination was dated September 5, the 14-day window in which to file a grievance expired on September 19. Gilmore then contacted the National Union and asked it to file a

---

[1] Gilmore also argues that the district court improperly denied her motions to amend her complaint to allege a Privacy Act violation and to strike the Local Union's supplemental authority. And she contends that the district court is liable for defamation. These arguments are meritless.

grievance, but the National Union responded that it does not file grievances on behalf of individual employees.

Gilmore filed suit against both unions, alleging their failure to grieve her termination constituted race and gender discrimination. She also alleged that both breached the CBA, retaliated against her, and jointly conspired with USPS. The district court dismissed Gilmore's breach-of-contract, retaliation, and joint-conspiracy claims for failure to state a claim, and discovery proceeded on her Title VII and § 1981 claims.

After discovery, both unions moved for summary judgment on Gilmore's discrimination claims. In support of its motion, the Local Union asserted that it did not grieve Gilmore's termination because her request was untimely. The National Union offered evidence that it did not file grievances on behalf of individual employees.

Gilmore filed a cross-motion for summary judgment, but because she filed after the deadline for dispositive motions, the district court construed it as a response. Gilmore asserted that she did not reasonably learn of her termination until October 16, noting she had informed her supervisor she would not be at the address to which USPS had sent her notice of termination. She also contended that she implicitly requested that the Local Union file a grievance on her behalf in her October 16 phone call. And she asserted that the Local Union had previously

3

pursued an untimely grievance of a similarly situated white male employee, Eric Reimer.  Gilmore also moved for sanctions against both unions, arguing they filed several unnecessary motions and acted improperly during her deposition.  The district court granted both unions' motions for summary judgment and denied Gilmore's motion.  This is Gilmore's appeal.

II.

Gilmore first argues the district court erred in rendering summary judgment in favor of both unions on her discrimination claims.  We review the grant of a motion for summary judgment *de novo*.  *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).  In so doing, we view the record and make all reasonable inferences in the light most favorable to the non-moving party.  *Id.* Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Gilmore contends the unions failed to grieve her termination because she is an African-American female.  She argues that the Local Union improperly characterized her grievance as untimely and previously pursued the untimely grievance of Eric Reimer, a white male.  To demonstrate a prima facie case of disparate treatment, Gilmore must "establish that a similarly situated person

4

outside of her protected class was treated differently." [2] *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1217 (11th Cir. 2008).

Gilmore cannot establish a prima facie case from the Local Union's willingness to file a grievance on Eric Reimer's behalf.  Although the Local Union did file an untimely grievance for Reimer, the Local Union's president testified that this decision was erroneous and that the Local Union dismissed the grievance upon realizing it was untimely.  Gilmore offers no evidence to counter this assertion.  She therefore was treated no differently from Reimer in any material way.  And because Gilmore offers no other evidence that the Local Union treated her differently than people outside her protected class, the district court did not err in granting the Local Union's motion for summary judgment.  *See id.*

The district court's grant of summary judgment in favor of the National Union was also proper.  The National Union explained that it declined to grieve Gilmore's termination because it does not file grievances on behalf of individual employees.  Gilmore offers no evidence that the National Union treated her differently in this respect than a similarly situated member outside her protected

---

[2] On appeal, Gilmore relies exclusively on evidence of a comparator, Reimer, to contend she has established a prima facie case of disparate treatment, and has therefore abandoned any argument a comparator would not be required to prove her claim.  For that reason, we assume for purposes of this appeal that evidence of a similarly situated individual outside of Gilmore's protected class who the unions treated differently is necessary for her to satisfy her burden of establishing a prima facie case of disparate treatment.

class.  She therefore cannot establish a prima facie case against the National Union.
*See id.*

### III.

Gilmore also argues that the district court improperly dismissed her claims for breach of contract, retaliation, and joint conspiracy.  We review the dismissal of a plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 887 (11th Cir. 2013).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (internal quotation marks omitted).

Gilmore's breach-of-contract claim alleges that the National Union and the Local Union breached the CBA's provision prohibiting discrimination by failing to grieve her termination.  But she conceded in the district court her breach-of-contract claim was actually based on § 1981.  Accordingly, the district court did not err in dismissing the claim because it was merely a restatement of the § 1981 claim the court allowed to proceed.

6

To state a prima facie claim for retaliation, Gilmore must show that "(1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." *Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012) (internal quotation marks omitted). Gilmore contends the unions retaliated against her for filing a complaint with the National Labor Relations Board and Equal Employment Opportunity Commission by failing to grieve her termination. But she concedes that the unions refused to file a grievance on her behalf *before* she filed the discrimination complaints. Hence, she failed to plead facts sufficient to state a plausible causal connection between a statutorily protected activity and the adverse action, and the district court properly dismissed her retaliation claim. *See Iqbal*, 556 U.S. at 678; *Gate Gourmet*, 683 F.3d at 1258.

Gilmore next contends that the district court erred in dismissing her joint-conspiracy claim. The district court construed her claim as one under 42 U.S.C. § 1985(3), and Gilmore did not dispute this characterization. Conspiracies to violate rights protected by Title VII and § 1981 are not cognizable under § 1985(3). *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010). The district court therefore did not err in dismissing Gilmore's joint-conspiracy claim.

7

IV.

Finally, Gilmore argues that the district court erred by denying her motion for sanctions.  We review the denial of a motion for sanctions for an abuse of discretion.  *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).  Sanctions are appropriate against a party whose filings are objectively frivolous or who acts in bad faith.  *See id.* at 1311, 1314, 1316.

Gilmore asserts that the court should have imposed sanctions against the National Union for its attorney's behavior in Gilmore's deposition and because it filed frivolous motions to extend discovery and to compel Gilmore to attend her deposition.  But neither motion was objectively frivolous or filed in bad faith, and the behavior of the National Union's lawyer at Gilmore's deposition was not in bad faith.  The attorney for the National Union simply informed Gilmore that, if she refused to answer any questions, they would have to reschedule the deposition and that the National Union would ask the district court to order Gilmore to pay the travel expenses.

Gilmore also asserts that the court should have imposed sanctions against the Local Union because it responded to a motion to compel she had filed without the court's consent and because it entered unspecified evidence after discovery.  Because the Local Union has failed to respond even minimally to Gilmore's sanctions claim, we assume her factual allegations are true.  Nevertheless, the

8

district court did not abuse its discretion in failing to impose sanctions.  As with the National Union, the record is devoid of evidence that the Local Union acted in bad faith or that the challenged filings were objectively frivolous.

V.

For the above reasons, we affirm the district court's grant of summary judgment in favor of both defendants on Gilmore's Title VII and § 1981 claims; dismissal of Gilmore's retaliation, joint-conspiracy, and breach-of-contract claims; and denial of Gilmore's motion for sanctions.

**AFFIRMED.**